UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) 1:12-cv—01351-BAM-HC |
| | ) |
| Petitioner, | ) ORDER DISMISSING THE PETITION |
| | ) WITH LEAVE TO FILE AN AMENDED |
| | ) PETITION NO LATER THAN THIRTY |
| v. | ) (30) DAYS AFTER THE DATE OF |
| | ) SERVICE OF THIS ORDER |
| HAROLD LOU SIMS, | ) |
| | ) ORDER DIRECTING THE CLERK TO SEND |
| Respondent. | ) TO PETITIONER A BLANK FORM FOR A |
| | ) HABEAS CORPUS PETITION PURSUANT |
| | ) TO 28 U.S.C. § 2254 |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the petition, which was filed in this Court on August 10, 2012.

   I.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly

1

1  appears from the petition and any attached exhibits that the
2  petitioner is not entitled to relief in the district court...."
3  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
4  1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.
5  1990).  Habeas Rule 2(c) requires that a petition 1) specify all
6  grounds of relief available to the Petitioner; 2) state the facts
7  supporting each ground; and 3) state the relief requested.
8  Notice pleading is not sufficient; rather, the petition must
9  state facts that point to a real possibility of constitutional
10 error.  Rule 4, Advisory Committee Notes, 1976 Adoption;
11 O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v.
12 Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition
13 that are vague, conclusory, or palpably incredible are subject to
14 summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

15      Further, the Court may dismiss a petition for writ of habeas
16 corpus either on its own motion under Habeas Rule 4, pursuant to
17 the respondent's motion to dismiss, or after an answer to the
18 petition has been filed.  Advisory Committee Notes to Habeas Rule
19 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
20 (9th Cir. 2001).

21      A petition for habeas corpus should not be dismissed without
22 leave to amend unless it appears that no tenable claim for relief
23 can be pleaded were such leave granted.  Jarvis v. Nelson, 440
24 F.2d 13, 14 (9th Cir. 1971).

25      Here, Petitioner alleges that he is an inmate of the
26 Pleasant Valley State Prison (PVSP), which is located in
27 Coalinga, California, within the territory of the Eastern
28 District of California.  Petitioner does not identify the state

sentence or sentences he is presently serving or his state commitment offense or offenses. Petitioner names the United States of America as the Plaintiff and himself as the Defendant. Petitioner requests that this Court issue a writ concerning an outstanding federal warrant or United States Marshal's hold described as U.S.M. #54070-097 for service of a federal parole violation. Petitioner cites state cases in which state courts have ordered a state prisoner transferred to federal authorities to serve a federal sentence so that it may be served concurrently with a state sentence. (Pet., doc. 1, 1.) It is uncertain, but it appears that Petitioner may be requesting such a transfer.

## II. Naming a Proper Respondent

In this case, it appears that Petitioner used the title and case number of a federal criminal case in the petition; Petitioner thus named a plaintiff and a defendant instead of naming himself as Petitioner and naming his custodian as Respondent. Petitioner is incarcerated at the PVSP. The warden at that facility is P. D. Brazelton.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Habeas Rule 2(a); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme

3

1  Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief
2  officer in charge of state penal institutions is also
3  appropriate.  Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.
4      Petitioner's failure to name a proper respondent requires
5  dismissal of his habeas petition for lack of jurisdiction.
6  Stanley, 21 F.3d at 360.
7      However, the Court will give Petitioner the opportunity to
8  cure this defect by amending the petition to name a proper
9  respondent, such as the warden of his facility.  See, In re
10 Morris, 363 F.3d 891, 893-94 (9th Cir. 2004).
11     III.  Failure to State Facts Warranting Habeas Relief
12     Because the petition was filed after April 24, 1996, the
13 effective date of the Antiterrorism and Effective Death Penalty
14 Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh
15 v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008
16 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).
17     A district court may entertain a petition for a writ of
18 habeas corpus by a person in custody pursuant to the judgment of
19 a state court only on the ground that the custody is in violation
20 of the Constitution, laws, or treaties of the United States.  28
21 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362,
22 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13,
23 16 (2010) (per curiam).  A habeas corpus petition is the correct
24 method for a prisoner to challenge the legality or duration of
25 his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)
26 (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973));
27 Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.
28     Petitioner does not identify his state commitment offense or

4

offenses and state the facts concerning his state sentence or sentences.  Likewise, although Petitioner identifies a federal criminal case number and a warrant or hold by number, Petitioner fails to state the facts concerning the status of the pertinent federal case and the details concerning any time in custody or any other restraint that has been, or in the future will be, imposed by the federal case.  Petitioner has failed to state facts showing that Petitioner is challenging the legality or duration of his confinement or that Petitioner is entitled to relief he requests based on the Constitution, laws, or treaties of the United States.

Thus, the Court concludes that Petitioner has failed to set forth facts that point to a real possibility of constitutional error.  Accordingly, Petitioner's claim must be dismissed for failure to state a claim that would warrant relief in a proceeding pursuant to 28 U.S.C. § 2254.

However, it is possible that Petitioner could state a tenable claim for relief if leave to amend were granted.

Accordingly, Petitioner's petition will be dismissed with leave to file an amended petition.

IV.  Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,

518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a

6

> habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed

7

petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims.  Raspberry, 448 F.3d at 1154.

Here, Petitioner has not alleged that he has exhausted any of his state court remedies as to his claim.  Therefore, Petitioner's claim must be dismissed.  However, it is possible that Petitioner has presented his claim to the state courts and has simply neglected to inform this Court that he has exhausted his state court remedies.  Accordingly, Petitioner's claim will be dismissed with leave to file an amended petition in which Petitioner details his exhaustion of state court remedies.

V.   Signature and Verification

Local Rule 131 requires a document submitted to the Court for filing to include an original signature.  In addition, Habeas Rule 2 requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner."

Petitioner has not verified the petition.  Petitioner will have an opportunity to sign and verify a first amended petition.

VI.   Filing an Amended Petition

The instant petition must be dismissed for the reasons stated above.  Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies.  Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completed petition with a proper custodian named as the respondent, cognizable federal claims clearly stated, and with exhaustion of state remedies also clearly stated) within the allotted time will result in dismissal of the petition and termination of the action.  Petitioner is advised that the

8

amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action.  Further, Petitioner is informed that Local Rule 220 provides that unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.

VII. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED with leave to amend; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order; and

3) The Clerk of the Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

Dated:   **August 29, 2012**              **/s/ Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE