UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) 1:12-cv—01351-BAM-HC |
| | ) |
| Petitioner, | ) ORDER DISMISSING THE PETITION |
| | ) (DOC. 1) FOR FAILURE TO FOLLOW AN |
| | ) ORDER OF THE COURT |
| v. | ) |
| | ) ORDER DECLINING TO ISSUE A |
| HAROLD LOU SIMS, | ) CERTIFICATE OF APPEALABILITY AND |
| | ) DIRECTING THE CLERK TO CLOSE THE |
| Respondent. | ) CASE |
| | ) |
| | ) |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on September 9, 2012 (doc. 5).

    Pending before the Court is the Court's order of August 29, 2012 (doc. 4), dismissing the petition for writ of habeas corpus (doc. 1) with leave to file an amended petition within thirty (30) days of service.

1

I.  Dismissal of the Petition with Leave to Amend and Petitioner's Failure to Respond to the Court's Order

The Court's order noted that in the original petition, Petitioner failed to name a proper respondent, state facts warranting habeas corpus relief, allege exhaustion of state court remedies, and sign and verify the petition.  (Doc. 4, 2-8.)  The order granted Petitioner leave to file a first amended petition within thirty (30) days.  The order was served on Petitioner by mail on August 29, 2012.

Over thirty days have passed, and Petitioner has not filed a first amended petition or sought an extension of time within which to do so.

II.  Failure to Prosecute and Follow an Order of the Court

Local Rule 110 provides that "...failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions... within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate... dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41

2

(9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as the case has been pending since August 2012 and plaintiff has not responded to court orders. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey

1  the court's order will result in dismissal satisfies the
2  "consideration of alternatives" requirement. Ferdik v. Bonzelet,
3  963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at
4  1424. The Court's order directing Petitioner to file an amended
5  petition expressly informed Petitioner that a failure to file a
6  petition in compliance with the Court's order within the allotted
7  time would result in dismissal of the petition and termination of
8  the action. (Doc. 4, 8:22-28.) Thus, Petitioner received
9  adequate warning that dismissal would result from his
10 noncompliance with the Court's order.
11    The Court concludes that the action will be dismissed.
12    III.  Certificate of Appealability
13    Unless a circuit justice or judge issues a certificate of
14 appealability, an appeal may not be taken to the Court of Appeals
15 from the final order in a habeas proceeding in which the
16 detention complained of arises out of process issued by a state
17 court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537
18 U.S. 322, 336 (2003).
19    A certificate of appealability may issue only if the
20 applicant makes a substantial showing of the denial of a
21 constitutional right. § 2253(c)(2). Under this standard, a
22 petitioner must show that reasonable jurists could debate whether
23 the petition should have been resolved in a different manner or
24 that the issues presented were adequate to deserve encouragement
25 to proceed further. Miller-El v. Cockrell, 537 U.S. at 336
26 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A
27 certificate should issue if the Petitioner shows that jurists of
28 reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right and has refused to respond to court orders.

Accordingly, the Court will decline to issue a certificate of appealability.

IV. Disposition

Accordingly, it is ORDERED that:

1) The petition is DISMISSED without prejudice pursuant to Local Rule 110 for Petitioner's failure to comply with the Court's order; and

2) The Court DECLINES to issue a certificate of appealability; and

5

1  3)   The Clerk is DIRECTED to close the action because this
2  order terminates it in its entirety.
3      IT IS SO ORDERED.
4  **Dated:   October 24, 2012**                     **/s/ Barbara A. McAuliffe**
                                              UNITED STATES MAGISTRATE JUDGE