1
2
3
4
5
6
7               UNITED STATES DISTRICT COURT
8                 EASTERN DISTRICT OF CALIFORNIA
9
10
UNITED STATES OF AMERICA,        ) 1:12-cv—01351-BAM-HC
11                               )
            Petitioner,          ) ORDER DISMISSING THE PETITION
12                               ) (DOC. 1) FOR FAILURE TO FOLLOW AN
                                 ) ORDER OF THE COURT
13     v.                        )
                                 ) ORDER DECLINING TO ISSUE A
14 HAROLD LOU SIMS,              ) CERTIFICATE OF APPEALABILITY AND
                                 ) DIRECTING THE CLERK TO CLOSE THE
15            Respondent.        ) CASE
                                 )
16 _____  )
17
18     Petitioner is a state prisoner proceeding pro se and in
19 forma pauperis with a petition pursuant to 28 U.S.C. § 2254.
20 Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to
   the jurisdiction of the United States Magistrate Judge to conduct
21 all further proceedings in the case, including the entry of final
22 judgment, by manifesting consent in a signed writing filed by
23 Petitioner on September 9, 2012 (doc. 5).
24     Pending before the Court is the Court's order of August 29,
25 2012 (doc. 4), dismissing the petition for writ of habeas corpus
26 (doc. 1) with leave to file an amended petition within thirty
27 (30) days of service.
28

                              1

I.   <u>Dismissal of the Petition with Leave to Amend and
     Petitioner's Failure to Respond to the Court's Order</u>

The Court's order noted that in the original petition, Petitioner failed to name a proper respondent, state facts warranting habeas corpus relief, allege exhaustion of state court remedies, and sign and verify the petition.  (Doc. 4, 2-8.)  The order granted Petitioner leave to file a first amended petition within thirty (30) days.  The order was served on Petitioner by mail on August 29, 2012.

Over thirty days have passed, and Petitioner has not filed a first amended petition or sought an extension of time within which to do so.

II.  <u>Failure to Prosecute and Follow an Order of the Court</u>

Local Rule 110 provides that "...failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions... within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate... dismissal of a case."  <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  <u>See</u>, <u>e.g.</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41

(9th Cir. 1988) (dismissal for failure to comply with local rule
requiring pro se plaintiffs to keep court apprised of address);
<u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987)
(dismissal for failure to comply with court order); <u>Henderson v.
Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack
of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of
prosecution, failure to obey a court order, or failure to comply
with local rules, the court must consider several factors: (1)
the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket; (3) the risk of
prejudice to the defendants; (4) the public policy favoring
disposition of cases on their merits; and (5) the availability of
less drastic alternatives.  <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>,
779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at
1260-61; <u>Ghazali</u>, 46 F.3d at 53.

In this case, the Court finds that the public's interest in
expeditiously resolving this litigation and the Court's interest
in managing the docket weigh in favor of dismissal, as the case
has been pending since August 2012 and plaintiff has not
responded to court orders.  The third factor, risk of prejudice
to respondents, also weighs in favor of dismissal, since a
presumption of injury arises from the occurrence of unreasonable
delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d
522, 524 (9th Cir. 1976).  The fourth factor -- public policy
favoring disposition of cases on their merits -- is greatly
outweighed by the factors in favor of dismissal discussed herein.
Finally, a court's warning to a party that his failure to obey

3

1  the court's order will result in dismissal satisfies the

2  "consideration of alternatives" requirement.  <u>Ferdik v. Bonzelet</u>,

3  963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at

4  1424.  The Court's order directing Petitioner to file an amended

5  petition expressly informed Petitioner that a failure to file a

6  petition in compliance with the Court's order within the allotted

7  time would result in dismissal of the petition and termination of

8  the action.  (Doc. 4, 8:22-28.)  Thus, Petitioner received

9  adequate warning that dismissal would result from his

10  noncompliance with the Court's order.

11      The Court concludes that the action will be dismissed.

12      III.  <u>Certificate of Appealability</u>

13      Unless a circuit justice or judge issues a certificate of

14  appealability, an appeal may not be taken to the Court of Appeals

15  from the final order in a habeas proceeding in which the

16  detention complained of arises out of process issued by a state

17  court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537

18  U.S. 322, 336 (2003).

19      A certificate of appealability may issue only if the

20  applicant makes a substantial showing of the denial of a

21  constitutional right.  § 2253(c)(2).  Under this standard, a

22  petitioner must show that reasonable jurists could debate whether

23  the petition should have been resolved in a different manner or

24  that the issues presented were adequate to deserve encouragement

25  to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336

26  (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A

27  certificate should issue if the Petitioner shows that jurists of

28  reason would find it debatable whether the petition states a

4

1 │ valid claim of the denial of a constitutional right or that

2 │ jurists of reason would find it debatable whether the district

3 │ court was correct in any procedural ruling.  Slack v. McDaniel,

4 │ 529 U.S. 473, 483-84 (2000).  In determining this issue, a court

5 │ conducts an overview of the claims in the habeas petition,

6 │ generally assesses their merits, and determines whether the

7 │ resolution was debatable among jurists of reason or wrong.  Id.

8 │ It is necessary for an applicant to show more than an absence of

9 │ frivolity or the existence of mere good faith; however, it is not

10 │ necessary for an applicant to show that the appeal will succeed.

11 │ Miller-El v. Cockrell, 537 U.S. at 338.

12 │     A district court must issue or deny a certificate of

13 │ appealability when it enters a final order adverse to the

14 │ applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

15 │     Here, it does not appear that reasonable jurists could

16 │ debate whether the petition should have been resolved in a

17 │ different manner.  Petitioner has not made a substantial showing

18 │ of the denial of a constitutional right and has refused to

19 │ respond to court orders.

20 │     Accordingly, the Court will decline to issue a certificate

21 │ of appealability.

22 │     IV.  Disposition

23 │     Accordingly, it is ORDERED that:

24 │     1)  The petition is DISMISSED without prejudice pursuant to

25 │ Local Rule 110 for Petitioner's failure to comply with the

26 │ Court's order; and

27 │     2) The Court DECLINES to issue a certificate of

28 │ appealability; and

    3)   The Clerk is DIRECTED to close the action because this
order terminates it in its entirety.

    IT IS SO ORDERED.

**Dated:**   **October 24, 2012**          **/s/ Barbara A. McAuliffe**
                             UNITED STATES MAGISTRATE JUDGE